DOLAN ET AL., APPELLANTS, v. THE JOHN DOUGLAS COMPANY, APPELLEE.

1. WARRANTY.

The statement of an agent of his opinion as to the quality of goods he offers for sale does not amount to a warranty.

2. ACTION—DAMAGES.

A purchaser, having failed to rescind the contract, is remitted to damages accruing by reason of false representations, trouble, repairs and alterations necessary to make the articles available for the purpose for which they were bought.

*Appeal from the District Court of Arapahoe County.*

APPELLEE, by a traveling agent, sold to appellants plumbers supplies, consisting of six water-closets, tanks, etc. The goods were cheaper in price than standard goods of the kind. There was no warranty—the nearest approach to it was the

representation of the traveling agent.   He claimed " that he had a closet that *he considered* was as good or superior to any that is in the market of *its quality and kind.*"   He said " just as good as the Mott goods."   Five of them were put into a building known as the " McClelland Block " by the appellants.   The sixth was received but not used and is not involved in the controversy.   Appellants refused to pay for the goods.   Suit was brought; defendants answered alleging: " That the goods were not as represented; that they required extensive repairs to make them fit for use; that they were not of a greater value than $50.00."

" Second defense—That plaintiff made representations about the water-closets; that defendants purchased relying upon the representations, and that the representations were untrue; and that defendants were damaged thereby in the sum of $200."   On the issues so made, the case was tried to the court.

The purchase price appears to have been $24.50 each, making an aggregate of $147.   The court allowed $25.00; $5.00 on each closet, as damages, and gave judgment for the balance, $122 and costs.

The only errors assigned are 1st, " That the evidence in said cause is wholly insufficient to support the judgment and findings of the court below."

2d.  " The judgment should have been in favor of the defendants and against the plaintiff."

Mr. J. P. BROCKWAY, for appellants.

Mr. E. P. HARMAN, for appellee.

REED, J., delivered the opinion of the court.

It is hard to ascertain upon what theory the defense was attempted to be maintained.   The purchasers might, upon examination of the goods, have refused to receive them, and rescinded the contract, or having, as in this case, received,

used and retained the goods, recoup any damages sustained by reason of breach of warranty or false representations.

No warranty appears to have been made. The goods were bought at low prices and intended to be cheap and ordinary. The statement of the agent, " that he considered them as good or superior to other goods in the market *of the same quality and kind*," amounted to no warranty—merely his opinion that they were equal to or superior to others of the same cost, and the statement that they were just as good as the Mott goods must be taken in connection with the former qualified statement, that they were equal to any other *make of the same quality and kind*. The evidence in regard to the character of the Mott goods was very limited and unsatisfactory, furnishing no basis for comparison. It showed several qualities of Mott goods, the best selling at $60.00 to $80.00 each. It cannot be supposed that either party expected to find an article at $24.50 equal to standard goods at $60.00 or $80.00.

Having failed to rescind, the purchasers were remitted to damages for the false representations and trouble and cost of repairs, changes and alterations in making them available for the purposes for which they were bought. Instead of making accurate and definite proof of damages it was attempted to show generally that the goods were of no value. The proof failed to establish the contention, and the character of the evidence was too desultory and unsatisfactory to furnish the court a basis to establish the damage, except in the single instance of $5.00 each for relining, which was allowed by the court.

There was sufficient evidence on the part of both plaintiffs and defendants to show the articles of some value, and as the defendants failed to show how much less such value was than the purchase price, the court could only give judgment for the balance after deducting the items proved as damages, which was done.

The judgment of the district court must be affirmed.

*Affirmed.*